## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LaTOYA FLEMING**                                                                                              **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:25-cv-20-TBM-RPM**

**MISSISSIPPI DEPARTMENT**
**OF CHILD PROTECTIVE SERVICES**                                                         **DEFENDANT**

### ORDER

LaToya Fleming, proceeding *pro se*, brought this wrongful termination action against her former employer—the Mississippi Department of Child Protective Services. But because the Mississippi Department of Child Protective Services is entitled to sovereign immunity under the Eleventh Amendment, the Court lacks jurisdiction and this action must be dismissed without prejudice.

### I. BACKGROUND

LaToya Fleming was hired by the Mississippi Department of Child Protective Services on October 18, 2011, as a Family Protection Specialist and later became a Social Services Specialist II. [1-1], p. 4. On October 2, 2023, Fleming informed her supervisor that she would be taking leaving under the Family and Medical Leave Act "for mental health reasons due to the stress of [her] job." [1], p. 6. Shortly after, Fleming was placed on paid administrative leave. *Id*. During this time, Fleming applied for short-term disability, which was approved. Then, on June 6, 2024, "immediately after [her] short-term disability approval," Fleming received a termination letter from the Mississippi Department of Child Protective Services. *Id*. According to the termination letter, Fleming was fired for failing to cooperate with an administrative investigation into "alleged threats of harm," related to her employer and coworkers. *Id*. Aggrieved, Fleming filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Fleming a right to sue letter on October 17, 2024, and she filed this action on January 27, 2025.

The Mississippi Department of Child Protective Services has now filed a Motion to Dismiss [11] arguing it is entitled to Eleventh Amendment immunity and that this Court lacks subject matter jurisdiction. The Court agrees and this action is dismissed.

## II. STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The allegations in the complaint are taken as true in determining whether a sufficient basis for jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). If subject-matter jurisdiction is lacking, the case must be dismissed. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

## III. ANALYSIS AND DISCUSSION

The Mississippi Department of Child Protective Services argues that Fleming's claims against it are barred by the Eleventh Amendment. The Eleventh Amendment provides: "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Eleventh Amendment, the state, its agencies, and its officers, are immune from lawsuits in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

"A state's sovereign immunity extends to so-called arms of the state, entities which are effectively the state itself because the state is the real, substantial party in interest to the lawsuit." *Hopkins v. Wayside Sch.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024) (citations and quotations omitted). Here, the Mississippi Department of Child Protective Services, is "an arm of the State of Mississippi," and "enjoys sovereign immunity unless an exception applies." *Smith v. Mississippi Dep't of Child Protective Services*, No. 4:18-cv-165-GHD, 2019 WL 4418802, *6 (N.D. Miss. Sep. 16, 2019); *Taylor v. Preciado*, No. 3:23-cv-401-DMB, 2025 WL 2800452, *6 (N.D. Miss. Sep. 30, 2025) (discussing all the *Clark* factors set forth by the Fifth Circuit in finding that the Mississippi Department of Child Protective Services in an arm of the state); *Bowen v. Keyes*, No. 3:20-cv-296-DPJ, 2020 WL 4228160, at *5 (S.D. Miss. Jul. 23, 2020).

"There are three exceptions to sovereign immunity: abrogation, waiver, and the *Ex parte Young* doctrine." *Smith*, 2019 WL 441880, at *6. Since Congress has not abrogated state sovereign immunity for Fleming's claims under the Americans with Disabilities Act or the Family and Medical Leave Act, and because Mississippi has retained its sovereign immunity for such claims, only the *Ex parte Young* exception may apply. *Sullivan v. Texas A&M University System*, 986 F.3d 593, 596 (5th Cir. 2021); *Bryant v. Texas Dep't of Aging and Disability Services*, 781 F.3d 764, 769 (5th Cir. 2015); *Employers Ins. of Wausau v. Miss. State Highway Com'n*, 575 So. 2d 999, 1002 (Miss.

1990) ("no political subdivision or agency of the state can be sued in the absence of a clear and unambiguous statute waiving sovereign immunity."); *Berry v. University of Mississippi Medical Ctr.*, No. 3:22-cv-4-TSL, 2022 WL 1625164, *2 (S.D. Miss. May 23, 2022) (finding the state of Mississippi had not waived its sovereign immunity for the plaintiff's ADA claims).

The *Ex parte Young* exception applies when the plaintiff's "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344 (5th Cir. 2013). In her complaint, Fleming seeks "reinstatement or other alternative compensation," which can be "the sort of prospective relief that is permitted by the *Ex parte Young* doctrine." [1], p. 7; *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008). But for the *Ex parte Young* exception to apply, "suit must be brought against *individual persons* in their official capacities." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (emphasis added). Fleming has not done so. Instead, she brings this suit against the Mississippi Department of Child Protective Services as a whole. The Fifth Circuit has held that "suing individual state officials in their official capacities . . . is an essential element of the *Ex parte Young* doctrine." *Id*. And where a plaintiff fails to do so, dismissal for lack of jurisdiction on sovereign immunity grounds is proper. *Id*. Fleming's claims against the Mississippi Department of Child Protective Services must therefore be dismissed without prejudice.

### III. CONCLUSION

**IT IS ORDERED** that the Mississippi Department of Child Protective Services' Motion to Dismiss for Lack of Jurisdiction is GRANTED.

**IT IS ORDERED** that LaToya Fleming's claims against the Mississippi Department of Child Protective Services are DISMISSED WITHOUT PREJUDICE.

IT IS ORDERED that this CASE is CLOSED. A separate final judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

This, the 9th day of January, 2026.

                                                                             **TAYLOR B. McNEEL**
                                                                             **UNITED STATES DISTRICT JUDGE**